UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DEBORAH LAUFER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | NO. 2:20 CV 301-PPS-JPK |
| | ) | |
| SRO HOTEL LLC d/b/a QUALITY INN MERRILLVILLE, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, Deborah Laufer, filed a Notice of Voluntary Dismissal of Case With Prejudice, pursuant to a settlement agreement entered into between the parties. [DE 23]. The opposing party has not yet served either an answer or a motion for summary judgment. Pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i), the Voluntary Dismissal [DE 23] is **GRANTED**. The Clerk is **ORDERED** to **DISMISS THIS CASE WITH PREJUDICE**. The Clerk is further ORDERED to CLOSE this case.

SO ORDERED.

ENTERED: September 8, 2021

                                               s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DEBORAH LAUFER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | NO. 2:20 CV 302-PPS-JEM |
| | ) | |
| NARNARAYAN REAL ESTATE LLC | ) | |
| d/b/a COMFORT INN HOBART, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Before the Court is plaintiff Deborah Laufer's Motion for Entry of Judgment After Default and Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses. [DE 9.] Laufer seeks default judgment against defendants Narnarayan Real Estate LLC d/b/a Comfort Inn Hobart. In support, she has filed a verified motion that supports her claims for damages and costs. [DE 9.] She has also

2

submitted a number of exhibits, including an affidavit supporting her claim for attorney's fees and time sheets. [DE 9-2.] Laufer asks the court to enjoin the Defendant from discriminating against individuals with disabilities and remediating its websites to bring it into compliance with the applicable regulations, and award Laufer attorneys' fees, expenses and costs incurred in this action in the amount of $3,768.55. Based upon a review of the materials presented, I need more information to assure myself that Laufer has a cognizable legal claim. Therefore, for now, I will deny her motion for default judgment.

## Background

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. § 12181, *et seq.* ("ADA"). The individual plaintiff, Deborah Laufer, is a disabled person within the meaning of the ADA because she is unable to walk more than a few steps without assistive devices. [Compl. ¶ 1.] She is bound to a wheelchair or to ambulate with a cane or other support and has limited use of her hands, and she has difficulty grasping items and is vision impaired. [*Id.*] Laufer is an advocate for the rights of disabled persons and candidly admits to being a "tester" — a person who analyzes whether public accommodations and their websites comply with the ADA. [*Id.* ¶ 2.] She lives in Pasco County, Florida. [*Id.* ¶ 1.]

Defendant is the owner and operator of the Comfort Inn Hobart, located at 1915 Mississippi St., Hobart, Indiana. The complaint alleges that the ADA and associated regulations require that a public accommodation like the Comfort Inn must modify its

3

practices to ensure that individuals with disabilities can make reservations for accessible guest rooms. 28 C.F.R. § 36.302(e)(1). This includes identifying and describing accessible features in the hotels and guest rooms, ensuring their availability, and reserving accessible guest rooms when requested. [*Id.* ¶ 7.]

Before she commenced this lawsuit, Laufer visited several websites (hotels.com, booking.com, orbitz.com, priceline.com, agoda.com and expedia.com) on multiple occasions to see if the Comfort Inn was complying with the pertinent regulations. [Compl. ¶ 10.] According to the complaint, Laufer determined the websites were not in compliance for a variety of reasons, including they did not identify accessible rooms, did not allow for booking of accessible rooms, and provided insufficient information about the features of the rooms and any accessible amenities. [*Id.*] Laufer claims the Comfort Inn has discriminated against her by denying her access to, and the full and equal enjoyment of its facilities and accommodations, as well as depriving her of the information required to make meaningful choices for travel. [*Id.* ¶¶ 13, 16.] To say that Laufer was discriminated against by the Defendant does not seem like the fair way of describing what took place here. This is because what is noticeably absent from the filing is any allegation that Laufer has any plans to book a room online, actually travel to Hobart, and then stay at the Defendant's property.

Nonetheless, Laufer requests the court issue a declaratory judgment that the Comfort Inn is violating the ADA and 28 C.F.R. Section 36.302(e), and grant injunctive relief ordering the Comfort Inn to revise the websites to comply with the regulations,

4

and monitor and maintain those websites. [*Id.* at 10.] She also requests attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

Summons was issued to Narnarayan Real Estate d/b/a Comfort Inn Hobart on August 19, 2020 [DE 4], it was served in person on its registered agent on August 24, 2020, and the summons was returned executed. [DE 6.] On November 3, 2020, Laufer filed a motion for the Clerk to enter default. [DE 7.] The Clerk entered default the next day, on November 4, 2020. [DE 8.] The instant motion for default judgment was filed on November 18, 2020. [DE 9.] Defendant has not filed any response.

## Discussion

Federal Rule of Civil Procedure 55(a) governs the entry of default and default judgment. When a defendant fails to answer a complaint or otherwise defend himself, the clerk can make an entry of default. Fed. R. Civ. P. 55(a). "Entry of default must precede an entry of default judgment." *Wolf Lake Terminals, Inc. v. Mutual Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). In this case, the Clerk recently entered default on November 4, 2020. [DE 8.]

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). I am to consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake*, 433 F.

Supp. 2d at 941; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2683 (3d ed.). All well-pleaded facts are taken as true for purposes of liability. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008). Nevertheless, an entry of default judgment is only appropriate if the allegations, along with other evidence submitted, establish a cognizable claim for relief. *Franko v. All About Travel Inc.*, No. 2:09-CV-233 JVB, 2014 WL 2803987, at *1 (N.D. Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim.").

For starters, there appears to be little doubt that the Comfort Inn is in fact in default. They have ignored the lawsuit despite being properly served. But as just noted, I nonetheless have to assure myself that Laufer is entitled to judgement as a matter of law. Although Laufer claims Comfort Inn has violated the ADA and 28 C.F.R 36.302, I am left with a number of questions that make granting default judgment impossible at this stage of the litigation. First, does Laufer have a claim for violation of this regulation in this circuit? Is it privately enforceable? Laufer claims that pursuant to 42 U.S.C. 12188(a)(2), I have the authority to grant injunctive relief, including issuing an order to alter the website to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA. [DE 9 at 4.] However, in support, she only cites unreported slip opinions from the Southern District of Florida and one from the Middle District of Florida. These are not only not binding, but also not very persuasive.

6

Other questions linger as well. Does Laufer have standing to sue, when she did not even plan to visit here, and seemingly was just testing the waters to see if the websites were compliant with the ADA? What imminent harm does she face making an injunction necessary? Can Comfort Inn be held liable for how its hotel booking appears on other websites (like expedia.com, etc.)? In other words, I am left with more questions than answers after reviewing Laufer's motion. In the end, Laufer may be able to persuade me that she does indeed have a viable claim. But the ball has to placed back in her court to prove it. At this point, her request for default judgment must be denied.

Moreover, in arguing that attorneys' fees are available and how to calculate them, Laufer cites cases from New York, California, and Florida. The Northern District of Indiana is in the Seventh Circuit, and that, of course, is the court to whom I answer. Any request for attorneys' fees must be governed by the law of this circuit (and, of course, if relevant, the Supreme Court).

**ACCORDINGLY:**

Plaintiff's Motion for Entry of Judgment after Default [DE 9] is DENIED WITHOUT PREJUDICE and Plaintiff has leave to file a well-supported motion with appropriate case law from this circuit should she so choose in the future.

SO ORDERED.

ENTERED: December 15, 2020

                                     s/ Philip P. Simon
                                     PHILIP P. SIMON, JUDGE

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT